UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GLORIA F. LEWIS )
 )
v. ) No. 3:08-1085
 ) JUDGE CAMPBELL
LABOR READY MID-ATLANTIC, INC. )

MEMORANDUM

I.  Introduction

Pending before the Court is the Defendant's Motion To Dismiss Or Stay And Refer Claims To Binding Arbitration (Docket No. 10). For the reasons set forth below, Defendant's Motion is GRANTED in part, and DENIED in part.  This action is stayed pending resolution of the current arbitration between the parties.  The Clerk is directed to close this file administratively. The parties shall file a written status report with the Court on or before August 31, 2009.

II.  Factual and Procedural Background

Plaintiff originally filed this action, on September 24, 2008, in the Chancery Court for Davidson County, Tennessee for wrongful termination from her employment with the Defendant based on Tennessee statutory and common law. (Exhibit A to Defendant's Notice of Removal. (Docket No. 1)).  Defendant removed the case to this Court on November 7, 2008, based on diversity jurisdiction, and shortly thereafter, filed its Answer. (Docket Nos. 1, 5).  Defendant filed the pending motion on January 30, 2009 seeking dismissal or a stay pending arbitration based on a written arbitration agreement with the Plaintiff. (Docket No. 10).

According to Plaintiff's affidavit, she applied for a job with the Defendant in Bowling Green, Kentucky and signed a job application on May 26, 2006. (Affidavit of Gloria R. Lewis at

¶ 2 (Docket No. 16)). Defendant has filed a copy of that application, which is signed by Plaintiff and contains an arbitration clause on two separate pages. (Docket No. 11-1, at 1, 2). When hired, Plaintiff states, she worked at Peyton's Warehouse located in Portland, Tennessee. (Lewis Affidavit, at ¶ 3). A few weeks later, according to the Plaintiff, she moved to Nashville, Tennessee and was required to fill out a new job application with the Defendant at the Gallatin Road branch of the company. (Id., at ¶ 4). She states that she recalls the second job application as being practically identical to the first one. (Id., at ¶ 5). Defendant has filed a copy of the second application which is also signed by Plaintiff and contains an arbitration clause on two separate pages. (Docket No. 21-1, at 1, 2). The second application is dated July 3, 2006. (Id.)

Plaintiff has attached to her affidavit a document dated June 29, 2006, which provides as follows:

> I Gloriaetta F. Lewis . . . am presently working out of the Labor Ready, 1347 KY Highway 185 #4, Bowling Green KY 42101 branch. I would like to continue my employment with Peyton's in Portland TN. Since I have moved to Nashville and have to reapply for employment with your company. I do agree with the Dispatching and some of your Terms of Employment procedures. I do not agree with the terms of Arbitrations. In reapplying with your Nashville Branch locations for hire. I am making your company aware that I DO NOT agree with the Arbitration clause in order for me to continue to work for your company. If you can not accept the above statement of my disagreement. I assume you will not be able to accommodate my employment with Labor Ready. This agreement is in full force unless otherwise a written (notarized) statement is submitted by me Gloria Lewis.

(Docket No. 16-1).

In her affidavit, Plaintiff explains the document as follows:

Since I was concerned about the effects the arbitration might have on my job benefits, I typed up a document and had it notarized so as to inform Labor Ready that I did not agree with the terms and conditions of the arbitration clause. I gave it to the desk clerk at the Gallatin Road branch.

2

(Lewis Affidavit, at ¶ 6).

Defendant has filed the Affidavit of Garrett Ferencz, the Custodian of Records for the Defendant's personnel files, who states that there is no record in the corporate files pertaining to the Plaintiff that anyone with the Defendant received a note from her like the one she has attached to her affidavit. (Affidavit of Garrett Ferencz, at ¶ 1 (Docket No. 23)). According to Mr. Ferencz, even if the Plaintiff had given such a document to the unnamed desk clerk, no employee at that level of the Defendant would have had the authority to bind the company to any agreement with the Plaintiff. (Id., at ¶ 2). Mr. Ferencz points out that the application signed by the Plaintiff states that no employee of the Defendant other than the President can enter into a contrary agreement with her. (Id.). Mr. Ferencz states that the Defendant would not have agreed to alter the terms of its arbitration agreement for the Plaintiff. (Id., at ¶ 3).

## III. Analysis

The Federal Arbitration Act provides that one who is aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition the United States district court for an order directing that such arbitration proceed. 9 U.S.C. § 4. There is a strong presumption in favor of arbitration, and any doubts regarding arbitrability must be resolved in favor or arbitration. Burden v. Check Into Cash of Kentucky, LLC, 267 F.3d 483, 488 (6th Cir. 2001).

In resolving a motion to compel arbitration, the Court must determine whether the parties have agreed to arbitrate the dispute at issue. Floss v. Ryan's Family Steak Houses, Inc., 211 F.3d 306, 314 (6th Cir. 2000). To avoid compelled arbitration, the nonmovant must show that there is a genuine issue of material fact as to the validity or applicability of the agreement to arbitrate –

3

the same standard used for summary judgment. Great Earth Companies, Inc. v. Simons, 288 F.3d 878, 889 (6th Cir. 2002). The validity of the arbitration agreement is determined by reference to general principles of contract law. Seawright v. American General Financial Services, Inc., 507 F.3d 967, 972 (6th Cir. 2007); Floss, 211 F.3d at 311-12.

In this case, the Plaintiff first argues that the Defendant has waived its right to arbitrate by failing to raise the right as an affirmative defense in its Answer.

Failure to raise an affirmative defense as required by Federal Rule of Civil Procedure 8(c) may result in waiver of the defense. See Moore, Owen, Thomas & Co. v. Coffey, 992 F.2d 1439, 1445 (6th Cir. 1993); Seals v. General Motors Corp, 546 F.3d 766, 770 (6th Cir. 2008). Failure to raise an affirmative defense, however, does not result in waiver if the plaintiff receives notice of the defense by some other means, and has not suffered prejudice. Id.

Specifically with regard to the affirmative defense of arbitration, the Sixth Circuit has held that a party will be considered to have waived its right to arbitrate if it engages in actions which are completely inconsistent with any reliance thereon. Gen. Star Nat'l Ins. Co. v. Administratia Asigurarilor de Stat, 289 F.3d 434, 438 (6th Cir. 2002); Gregory Manasher v. NECC Telecom, 2009 WL 361381, at * 1-2 (6th Cir. Feb. 12, 2009). A party may waive the right by delaying the assertion of the right to arbitrate to such an extent that the opposing party incurs actual prejudice. Id. Waiver of the right to arbitrate, however, is not to be lightly inferred because there is a strong presumption in favor of arbitration. Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc., 350 F.3d 568, 573 (6th Cir. 2003).

In Manasher, the Sixth Circuit recently held that a defendant waived its right to arbitrate "by failing to plead arbitration as an affirmative defense and by actively participating in

4

litigation for almost a year without asserting that it had a right to arbitration." Slip op. at 2. The court ruled that the defendant's conduct was completely inconsistent with its reliance on the right to arbitrate and caused the plaintiffs to suffer prejudice through unnecessary delay and expense. Id. See also General Star, supra (Wavier found where defendant waited seventeen months and did not assert its right to arbitration until after plaintiff obtained default judgment); O.J. Distributing, Inc. v. Hornell Brewing Co., 340 F.3d 345, 355 (6th Cir. 2003)(Waiver found where defendant waited fifteen months before asserting right to arbitration). Cf Crossville Medical Oncology, P.C. v. Glenwood Systems, LLC, 2009 WL 383680 (6th Cir. Feb. 17, 2009) (Waiver not found where defendant asserted right to arbitrate eight months after removing case to federal court as neither party had served any discovery requests, exchanged documents, or deposed any witnesses, and arbitration agreement was asserted as an affirmative defense in defendant's answer).

The Defendant in this case has filed an affidavit of counsel for the Defendant indicating that the Defendant was unaware of the arbitration agreement executed by Plaintiff when it filed its Answer. (Affidavit of Todd P. Photopulos, at ¶ 1 (Docket No. 22)). During the course of compiling documents to respond to Plaintiff's discovery request, according to Defendant's counsel, the Defendant discovered the arbitration agreement executed by the Plaintiff. (Id., at ¶ 2). Counsel for the Defendant states that he immediately notified Plaintiff's counsel by telephone of the existence of the agreement and that he intended to move to compel arbitration. (Id., at ¶ 3). According to the affidavit, this call took place on or about January 20, 2009, approximately four months after Plaintiff filed this suit in state court and less than three months after the case was removed to this Court. (Id.)

5

Unlike the defendants in the Manasher case, the Defendant here did not delay assertion of its right to arbitrate for almost a year, nor did it engage in conduct completely inconsistent with its reliance on its arbitration rights. In addition, the Plaintiff in this case, unlike Manasher, has not established prejudice through unnecessary delay or unnecessary expense as a result of the delay. Plaintiff has not suggested that extensive discovery or other pretrial litigation practice has taken place. Accordingly, the Court concludes that Defendant has not waived its right to arbitrate.

Plaintiff next argues that the agreement to arbitrate is invalid because she did not knowingly waive her prospective right to a jury trial. The Sixth Circuit has explicitly held, however, that the an arbitration agreement need not contain a provision expressly waiving the right to a jury trial in order to be valid. Cooper v. MRM Investment Co., 367 F.3d 493, 506 (6th Cir. 2004):

> . . . '[T]he loss of the right to a jury trial is a necessary and fairly obvious consequence of an agreement to arbitrate.' [Burden v. Check Into Cash of Kentucky, LLC, 267 F.3d 483, 492 (6th Cir. 2001)]. . . The Seventh Amendment confers not the right to a jury trial *per se*, but rather 'only the right to have a jury hear the case once it is determined that the litigation should proceed before a court. If the claims are properly before an arbitral forum pursuant to an arbitration agreement, the jury trial right vanishes.'

Id. (quoting Bank One, N.A. v. Coates, 125 F.Supp.2d 819, 834 (S.D. Miss. 2001)) (footnote omitted). Thus, to the extent the arbitration agreement in this case fails to expressly waive the right to jury trial, that failure does not render the agreement invalid.

The actual language used in the arbitration agreement in this case is as follows: "I acknowledge that my dispute will be decided by a neutral arbitrator and not by a judge or jury." (Docket No. 21-1). Plaintiff has not suggested that she failed to understand this provision, or

6

otherwise failed to understand that the loss of a jury trial results from an agreement to arbitrate. Thus, Plaintiff has not established the invalidity of the arbitration agreement for failure to knowingly waive her right to a jury trial.

Plaintiff also argues that the arbitration agreement is invalid as an unenforceable contract of adhesion. As explained above, the validity of an arbitration agreement is determined by reference to general principles of contract law. Seawright, 507 F.3d at 972; Floss, 211 F.3d at 311-12. Neither party suggests that the law of a state other than Tennessee applies in analyzing the validity of the contract in this case.[1] Thus, the Court will apply Tennessee law on the validity of adhesion contracts in considering Plaintiff's argument.

In Cooper, supra, the Sixth Circuit applied Tennessee law on adhesion contracts to an arbitration agreement. As the Cooper court explained: "Tennessee defines a contract of adhesion as 'a standardized contract form offered to consumers of goods and services on essentially a 'take it or leave it basis, without affording the consumer a realistic opportunity to bargain and under such conditions that the consumer cannot obtain the desired product or service except by acquiescing to the form of the contract.'" 367 F.3d at 499 (quoting Buraczynski v. Eyring, 919 S.W.2d 314, 320 (Tenn. 1996)). In order to establish the invalidity of such a contract, the Cooper court explained that the plaintiff must show that she cannot find suitable alternative employment if she refuses to sign the agreement, and she must show that the terms of the contract are unconscionable. 367 F.3d at 500-05. The court ultimately found that the plaintiff had failed to make these showings. See also Seawright, 507 F.3d at 975-77.

---

[1] Indeed, the Court notes that both the Complaint and Answer refer to Tennessee law. (Docket Nos. 1-1, 5).

7

The Plaintiff in this case similarly fails to make these showings. Plaintiff has not suggested that she could not have found suitable employment as an alternative to signing the arbitration agreement with the Defendant. As for whether the terms of the arbitration agreement are unconscionable, Plaintiff argues only that the arbitration clause is buried in the fine print of the contract. In her affidavit, however, the Plaintiff indicates that she had discussed the arbitration clause with other workers prior to signing the second job application containing the same arbitration clause. Plaintiff clearly had actual notice of the arbitration provision, and has not suggested in what respect the arbitration provision is otherwise unreasonable. The Court notes that the agreement provides that the Defendant as well as the Plaintiff is required to submit claims to arbitration, and the Defendant agrees to pay the arbitrator's fee where required by law. (Docket No. 21-1). For these reasons, the Court concludes that the arbitration provision is not an unenforceable contract of adhesion.

Finally, Plaintiff argues that the arbitration agreement is invalid because there was an absence of mutual assent to its terms. Plaintiff claims that the arbitration agreement should not be enforced because she objected in writing to its terms. The Defendant contends that no one with authority to bind the Defendant to contracts has ever received Plaintiff's objection. The Defendant also argues that Plaintiff's objection is barred by the parol evidence rule. Defendant points out that Plaintiff signed a second employment application containing an arbitration clause and a provision prohibiting contrary agreements after she signed the written objection.

The Tennessee Court of Appeals has described the parol evidence rule as follows:

> The parol evidence rule is a rule of substantive law intended to protect the integrity of written contracts. Since courts should not look beyond a written contract when its terms are clear, the parol evidence rule provides that contracting parties cannot use extraneous evidence to alter, vary, or qualify the meaning of an

8

unambiguous written contract."
First Tennessee Bank Nat'l Assn. v. Bad Toys, Inc., 159 S.W.3d 557, 563 (Tenn. Ct. App. 2004)(quoting GRW Enters., Inc. v. Davis, 797 S.W.2d 606, 610 (Tenn. Ct. App. 1990)). The court went on to explain that the rule "does not prevent using extraneous evidence to prove the existence of an agreement made after an earlier written agreement, or to prove the existence of an independent or collateral agreement not in conflict with a written contract." Id.

The Plaintiff's written objection falls within the parol evidence rule. It is extraneous evidence purporting to alter or qualify the meaning of the arbitration clause in a subsequently-executed employment agreement. In her affidavit, Plaintiff explains that she gave her written objection to the arbitration provision to a desk clerk at the Gallatin Road branch of the Defendant. That written objection is dated June 29, 2006. (Docket No. 16-1).[2]

The second employment application signed by the Plaintiff when she moved to Tennessee is dated July 3, 2006. (Docket No. 21-1). That application specifically includes the arbitration provision on two separate pages. (Id.). In addition, it provides that no employee of the Defendant other than the President has the authority to bind the Defendant to make any agreement contrary to the terms set forth in the application. (Docket No. 21-1, at 5).

Plaintiff has not suggested that the arbitration clause is ambiguous, that the written objection is an independent collateral agreement, or that any other exception to the parol evidence rule applies in this case. Accordingly, the Court concludes that Plaintiff's argument that there was a lack of mutual assent is without merit.

---

[2] Plaintiff does not specify in her affidavit the date upon which she gave the objection to the desk clerk. She does not claim that she gave the desk clerk the written objection after she executed the second employment application.

9

Having found the arbitration agreement to be valid, the Defendant's Motion To Dismiss Or Stay And Refer Claims To Binding Arbitration (Docket No. 10) is GRANTED in part, and DENIED in part. This action is stayed pending resolution of the current arbitration between the parties. The Clerk is directed to close this file administratively. The parties shall file a written status report with the Court on or before August 31, 2009.

IV. Conclusion

For the reasons set forth herein, this action is stayed pending resolution of the current arbitration between the parties.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE